# UNITED STATES DISTRICT COURT
# DISTRICT OF COLOMBIA

_____

UNITED STATES OF AMERICA

v.  Crim. No. 1:24-cr-00327-TJK

CHRISTOPHER BELLIVEAU,
        Defendant

_____

## MOTION FOR MODIFICATION OF CONDITION OF RELEASE

Defendant Christopher Belliveau, through his undersigned counsel, hereby petitions that this Honorable Court to modify his [bond] condition of release in one specific area regarding travel within the United States, specifically to Washington D.C. for one day.

Specifically, Mr. Belliveau respectfully requests that he be provided limited permission to travel to the District of Columbia for the purpose of attending President Donald Trump's second inauguration on Monday January 20, 2025. Mr. Belliveau is further amenable to the condition stating that he may attend the inauguration and upon its conclusion, shall leave Washington D.C. and may not stay within 30 miles of Washington D.C. the evening of January 19 nor 20, 2024.

As the original bail report outlined, Mr. Belliveau has never been charged with any violent crime before this matter and his risk level was

- 1 -

assessed as 'low.' ECF #7. Even if the Government could somehow suggest that Mr. Belliveau poses a danger by attending the inauguration (which woud not be based on specific fact), it would appear that such a suggestion is mitigated by the law enforcement presence expected for the inauguration. https://crisis24.garda.com/insights-intelligence/insights/articles/officials-tighten-security-as-protests-are-likely-around-us-presidential-inauguration; https://www.foxnews.com/politics/trump-inauguration-dc-police-chief-expecting-4000-police-officers-assist-us; https://www.kttc.com/2024/12/18/defense-department-prepares-inauguration-day/.

Additionally, factors that the Government has argued against prospective attendees do not exist in this matter. For example, in *United States v. Cindy Young*, Case No. 1:23-cr-241 (GMH), the Government argued that "[t]he risk Young presents to those in D.C. did not end with her exit from the Building. As outlined in the government's sentencing memorandum, over the pendency of her trial and sentencing, Young has continuously endorsed calls for retribution against those involved in January 6 prosecutions -- specifically jurors, judges, and law enforcement -- all whom help make up the "D.C. community." See id.; ECF No. 115 at 2. Those factors simply are not present here.

It is also vital to remember that, while Mr. Belliveau stands accused, he is presumed innocent, thus the mere fact that he is charged does not

suggest that he is inherently more dangerous that any other person. This was addressed in *United States v. Scott*, 450 F.3d 863 (9th Cir. 2005). Specifically, the Court stated "the assumption that Scott was more likely to commit crimes than other members of the public, without an individualized determination to that effect, is contradicted by the presumption of innocence: that an individual is charged with a crime cannot, as a constitutional matter, give rise to any inference that he is more likely than any other citizen to commit a crime if he is released from custody. A Defendant is, after all, constitutionally presumed to be innocent pending trial, and innocence can only raise an inference of innocence, not of guilt." *Id*. at 872, 888.

Finally, with all other conditions remaining in place, Mr. Belliveau is prevented from committing any new criminal activity, which would be prevent him from possessing any item that could be construed as a dangerous weapon.[1]

Mr. Belliveau is a respected business owner who employs individuals and pays taxes. As stated previously, he has no prior history of any kind of violence or vandalism. His conduct while on release has been exemplary. There is no reason to believe that Mr. Belliveau will be violent or present any danger to the residents of the District if the Court grants his request to attend the inaugural event.

---

[1] For example, Mr. Belliveau would avoid holding any signs and would agree that the only item in his possession would be his phone which could function as a camera.

Apart from being reasonable on its face, this modification request is even more appropriate in light of the incoming Trump administration's confirmations that President Trump will fully pardon or pursue a policy of dismissal of charges for those in Mr. Belliveau's position on his first day in office on January 20, 2025.[2]

For all of the above-reasons, Mr. Belliveau respectfully requests that the Court modify his [bond] release condition so that he be permitted to travel to the District of Columbia for the upcoming Presidential Inaugural.

                                             Respectfully submitted,

                                             CHRISTOPHER BELLIVEAU
                                             By His Attorney
                                             */s/David J. Bobrow*

                                             DAVID J. BOBROW, OFFICE OF LAW, LLC



                                             P.O. Box 466
                                             Portland, Maine 04112
                                             207-835-1525

---

[2] One Court has already granted this request for a defendant who had actually been found guilty. See *United States v. Peterson*, 24-cr-376.

UNITED STATES DISTRICT COURT
DISTRICT OF COLOMBIA

_____

UNITED STATES OF AMERICA

v.  Crim. No. 1:24-cr-00327-TJK

CHRISTOPHER BELLIVEAU,
       Defendant

_____

## CERTIFICATE OF SERVICE

I, David J. Bobrow, Esq., hereby certify that I have caused to be served via ECF the Defendant's Motion to Modify Condition on the following individuals:

1. Fontan, Taylor (USADC) <Taylor.Fontan@usdoj.gov>
2. All other attorneys of record in this matter.

Dated this 23rd day of December 2024 at Portland, Maine.

                                              Respectfully submitted,

                                              */s/David J. Bobrow*
                                DAVID J. BOBROW, OFFICE OF LAW, LLC



                                P.O. Box 466
                                Portland, Maine 04112
                                207-835-1525